[No. 4944.]

THE PAGE WOVEN WIRE FENCE COMPANY v. JOSLIN.

1. **Guaranty—Letter of Credit—Delivery—Pleading.**

In an action to recover upon a letter of credit issued to plaintiff by defendant in favor of G., a complaint alleging that defendant, on request of G., wrote a letter of credit to plaintiff guaranteeing payment of the account of G., setting out the letter, and further alleging that notice of the acceptance of the guarantee was sent to defendant by plaintiff, and, relying thereon, plaintiff furnished the credit, is a sufficient allegation to show that the letter was delivered to plaintiff and that plaintiff acknowledged the acceptance of it and relied upon it.—P. 163.

2. **Pleading—Demurrer—Grounds—Objections Raised.**

The capacity of a foreign corporation to institute an action is not raised by a demurrer that the complaint fails to state facts sufficient to constitute a cause of action.—P. 163.

*Appeal from the County Court of the City and County of Denver.*

*Hon. H. V. Johnson, Judge.*

Action by The Page Woven Wire Fence Company against F. A. Joslin. From a judgment for defendant, plaintiff appeals.     *Reversed.*

Messrs. BROWN, DE LAPPE & SACKMAN, for appellant.

Mr. HARRIE M. HUMPHREYS, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Plaintiff in this action filed a complaint against the defendant, seeking to recover upon a letter of

credit issued to plaintiff by defendant in favor of one A. H. Gutheil. To this complaint, the defendant filed a demurrer, on the ground that it did not "state facts sufficient to constitute a cause of action against defendant." This demurrer was sustained by the county court, and plaintiff appealed.

Two reasons, neither of which is sound, are urged in support of the sustaining of the demurrer. The first is, that the complaint contains no allegation that the alleged written guaranty was ever delivered by appellee to appellant. The allegations of the complaint in this respect are as follows:

"That defendant, a resident of the city and county of Denver, state of Colorado, did, upon the request of said A. H. Gutheil, write a letter of credit to plaintiff, guaranteeing payment of the account of A. H. Gutheil to a sum not exceeding $500." Then follows a copy of the letter. The complaint then alleges that "notice of the acceptance of the guarantee was sent to defendant by plaintiff," and, relying thereon, plaintiff furnished the credit. This is a sufficient allegation to show, not only that the letter was delivered to plaintiff, but that plaintiff acknowledged the acceptance of it and relied upon it.

The other contention of appellee is, that the complaint contains no allegation that the appellant, a foreign corporation, has complied with the statute (sections 4 and 10, chapter 52, Session Laws of 1901) under which it could prosecute this action.

Of the seven grounds of demurrer permitted by the Code of Civil Procedure, section 50, the second is, "that the plaintiff has no legal capacity to sue." The sixth is, "that the complaint does not state facts sufficient to constitute a cause of action."

The contention that the complaint fails to show that the appellant had complied with the statute under which it could prosecute this action, is one

which challenges plaintiff's capacity to sue. Section 51 of the Code provides that the demurrer shall distinctly specify the grounds upon which any of the objections to the complaint are taken. Unless it do so, it may be disregarded. In relation to this section, we have heretofore held that the first and sixth grounds of demurrer only can be stated in the language of the Code, without the reason being stated.—*Henderson v. Johns*, 13 Colo. 280.

The complaint in this action alleges that the plaintiff is a corporation organized under the laws of the state of New Jersey; that its certificate of incorporation permits it to exercise corporate powers in other states and territories, to make contracts and prosecute actions for their enforcement; that it has established a factory and warehouse in Adrian, Michigan, and is engaged in the manufacture, sale and disposition of the "Page wire fence"; that Gutheil made application to plaintiff for goods upon credit; that credit was refused unless the account was guaranteed by some responsible person; that defendant, a resident of Denver, upon request of Gutheil, wrote a letter of credit to plaintiff, guaranteeing the payment of the account of Gutheil for a sum not exceeding $500; that notice of an acceptance was sent to defendant by plaintiff, and plaintiff, relying upon same, furnished goods to Gutheil to the amount of $385.51, of which Gutheil paid $72.38, leaving a balance of $313.13; that this sum was due and unpaid at the time the action was commenced; that demand for payment had been made on Gutheil and defendant, and was refused. The last item of the account was made May 16, 1903. These alleged facts are sufficient to constitute a cause of action against the defendant.

The omission to allege in the complaint that the plaintiff had complied with sections 4 and 10 of

chapter 52, Session Laws of 1901, can relate only to its capacity to sue, and was not one of the facts necessary to constitute plaintiff's cause of action, and hence would afford no ground for demurrer under subdivision 6 of section 50 of the Code.—*G. Ober & Sons v. Blalock* (S. C.), 18 S. E. Rep. 264; *Cone Export. & Com. Co. v. Poole,* 24 L. R. A. 297.

We must not be understood as holding that, under the allegations of this complaint, a demurrer upon the ground that the plaintiff has not capacity to sue should be sustained. That question is not before us. Defendant did not see fit to rest his demurrer upon that ground. What we do say is, that the question of the capacity of plaintiff to institute an action is not raised by a demurrer that the complaint fails to state facts sufficient to constitute a cause of action.

The court erred in sustaining the demurrer, and the judgment will be reversed.          *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.